UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| LANNY HAYNES, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 15-119-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| UNITED STATES POSTAL SERVICE, | ) | **MEMORANDUM OPINION** |
| et al., | ) | **AND ORDER** |
| | ) | |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of Defendant Central Kentucky Area Local 2307's ("Local 2307") motion to dismiss. [Record No. 11] Because Plaintiff Lanny Haynes' claims against Local 2307 are barred by the six-month statute of limitations, the defendant's motion will be granted.[1]

# I.

As the only "Storekeeper" or Stock Room Clerk at the United States Post Office's Vehicle Maintenance Center in Lexington, Kentucky, Haynes "orders, receives, stores and issues parts, tools and related equipment and materials used to maintain vehicles." [Record No. 1, ¶ 18] Haynes alleges that he is the "only duly qualified person currently on payroll . . . with the ability to work in the parts room" and issue parts" under the terms of his employment contract. [Record No. 1, ¶¶ 19, 27] And despite filing more than 90 grievances,

---

[1] Defendant United States Postal Service ("USPS") has not yet entered an appearance. On October 21, 2015, the plaintiff's attorney filed a Summons, indicating service on this defendant on September 23, 2015. Therefore, a final judgment will not be entered until the claims against the USPS have been resolved.

Haynes alleges that he has been unable to issue parts and receive concomitant overtime pay because Maria Gaines, the USPS manager for the Vehicle Maintenance Facility, has allowed unqualified employees to perform his duties.  [Record No. 1, ¶ 27]

As a USPS employee and member of the American Postal Workers Union, AFL-CIO ("APWU"), Haynes alleges that he was covered by a Collective Bargaining Agreement ("National Agreement") and that Defendants USPS, APWU, and Local 2307 owed him certain duties and resulting obligations.  Haynes' Complaint was filed on May 1, 2015.  He alleges that Local 2307 breached its duty of fair representation by failing to provide communication or assistance while handling his grievances.  [Record No. 1]  As previously noted, Haynes filed approximately 90 grievances related to the same issues between 1998 and 2008.  [*See* Record No. 17]  His current grievance was appealed to arbitration on June 5, 2007, and "to date[,] remains unresolved with no arbitration date currently scheduled." [Record No. 1, ¶ 36]  Haynes generally claims that Local 2307 did not fairly represent him during the processing of the grievances, did not communicate with him about the progress of the grievances, and mishandled the grievances.  [Record No. 1, ¶¶ 39–40]

## II.

While the defendant's motion was filed as a motion to dismiss, Rule 12(d) of the Federal Rules of Civil Procedure provides that, if "matters outside the pleadings are presented and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."  The obligation to convert to a summary judgment motion is mandatory if matters outside the pleadings are not excluded by the Court.  *Max Arnold & Sons, LLC v. W.L. Hailey & Co., Inc.,* 452 F.3d 494, 503 (6th Cir. 2006) (applying Rule 12(d) to a Rule 12(c) motion).  Local 2307 tendered Article 15, entitled "Grievance-

Arbitration Procedure," of the National Agreement with its motion to dismiss. [Record No. 9-2] In his response, Haynes has included: (i) copies of grievances referenced in the Complaint; (ii) a June 5, 2007, letter indicating that his grievance would be appealed to mediation; (iii) a settlement check dated August 8, 2015; (iv) the National Agreement; and (v) his job description. [Record Nos. 17-1–17-5] Although many of these items are "referred to in the complaint and are central to the claims contained therein," meaning that their presentation does not require the Court to consider the Rule 56 standard, the settlement check, dated August 8, 2015, is not. *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). Accordingly, the Court will convert this motion to a motion for summary judgment under Fed. R. Civ. P. 56.[2] As demonstrated by the evidence presented, the parties have been "given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d).

Summary judgment is appropriate when there are no genuine disputes regarding any material facts and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986); *Chao v. Hall Holding Co.*, 285 F.3d 415, 424 (6th Cir. 2002). A dispute over a material fact is not "genuine" unless a reasonable jury could return a verdict for the nonmoving party. That is, the determination must be "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986); *see Harrison v. Ash*, 539 F.3d 510, 516 (6th Cir. 2008). In deciding whether to grant summary judgment, the Court views all the

---

[2]     Local 2307's motion would also be granted if the Court excluded the documents from its consideration and applied the Rule 12 standard instead.

facts and inferences drawn from the evidence in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## III.

The statute of limitations for claims of breach of fair representation is six months. *Potts v. American Bottling Co.*, 595 F. App'x 540, 543 (6th Cir. 2014) (citing *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 169–71 (1983)). Haynes does not dispute the statute of limitations period. Further, the hybrid §301/fair representation claim "accrues when an employee discovers, or should have discovered with exercise of due diligence, acts giving rise to the cause of action." *Wilson v. Int'l Bhd. of Teamsters*, 83 F.3d 747, 757 (6th Cir. 1996) (citing *Chrysler Workers Ass'n v. Chrysler Corp.*, 834 F.3d 573, 578 (6th Cir. 1987)). "[A] party is not required to sue on a hybrid claim until the arbitration panel renders its final decision, or until the party reasonably should know that the union has abandoned the party's claim." *Id.* (citing *Schoonover v. Consol. Freightways Corp.*, 49 F.3d 219, 221–22 (6th Cir. 1995)); *see also Potts*, 595 F. App'x at 543 ("When a Union refuses to arbitrate a grievance, or withdraws its representation, the claim arises when the plaintiff knew of *should have known* that the Union had elected to proceed no further on his behalf.").

Haynes' claim is not that the arbitration was unsatisfactory or reached an unfavorable result, but that his grievances, made between March 21, 2007 and October 7, 2008, were effectively abandoned by Local 2307. He alleges that he is unaware of "any measures taken at the local union level, or in arbitration . . . to resolve the issue as presented in [Haynes'] grievances." [Record No. 17, p. 1] Haynes does not provide any description of his efforts to obtain information about his grievances after they were made and before the Complaint was filed more than six years later. He does not allege that Local 2307 breached its duty of fair

representation in the six months prior to filing the Complaint on May 1, 2015. At most, generously reading Haynes' arguments and construing all facts and inferences in his favor, he alleges that Local 2307's inaction continued during the six month period between November 1, 2014 and May 1, 2015. However, Haynes does not argue that the statute of limitations was tolled, or any other reasonable basis for his delay in filing his Complaint.

The National Agreement dictates that the grievance process proceeds quickly. [Record No. 9-2] Under Article 15, the deadline for each step is within several days—not months—of each decision. [*Id.*] Considering the short deadlines at each step of the process, the alleged breach by Local 2307 should have been readily apparent. Further, the June 5, 2007 letter suggests that the appeal to arbitration was taken by the designee of the National Union, the APWU, rather than through Local 2307. [Record No. 9-3] To the extent that Local 2307's duties continued after the appeal was taken by the APWU, Haynes reasonably knew, or should have known, of the alleged breach long before November 1, 2014.

As previously noted, Haynes attaches a "settlement check," dated August 14, 2015, which is several months after his Complaint was filed. By way of explanation, Haynes only states that he attached the check in "response to [the d]efendant's contention that [he] should have known that the union has abandoned his claim or when arbitration renders final decision." [Record No. 17, p. 3] The check states "grievance payment incl[uded]" but it does not reference a particular grievance or arbitration and Haynes makes no effort to connect the check or grievance to this cause of action or to Local 2307's alleged breach. Instead, he repeats that "no final decision has been rendered regarding the ninety (90) grievances filed." [Record No. 17, p. 2]

While Haynes summarily argues that he was unaware that Local 2307 had abandoned his claim, he also argues that Local 2307 failed to notify him of "any progress" since 2007. [Record No. 1]  Even construing all facts and inferences in Haynes' favor, he either knew or should have known during the years since 2007 -- or at least since the time period after his last grievance in October 2008 -- of his allegations that Local 2307 breached its duty of fair representation.

## IV.

Haynes' claims are time-barred.  Accordingly, it is hereby

**ORDERED** that the Defendant Central Kentucky Area Local 2307's motion to dismiss [Record No. 11] is **GRANTED**.  Plaintiff Lanny Haynes' claims against Defendant Central Kentucky Area Local 2307 are **DISMISSED**.

This 14th day of December, 2015.

**Signed By:**

*Danny C. Reeves*  DCR

**United States District Judge**